# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE: SEIZURE OF APPROXIMATELY $10,897,237.09 AND ACCRUED INTEREST IN UNITED STATES CURRENCY REPRESENTING: | ) ) ) ) ) | |
| $1,343,746.05 (AND ACCRUED INTEREST) FORMERLY CONTAINED IN ACCOUNT NUMBER 45200483, AND KNOWN AS THE CHETTIAR BUSINESS, INC. ACCOUNT, HELD IN THE NAME OF OR FOR THE BENEFIT OF JANINE RIBIERO AND JOACYR REINANDO; | ) ) ) ) ) ) ) ) | |
| $1,510,379.08 (AND ACCRUED INTEREST) FORMERLY CONTAINED IN ACCOUNT NUMBER 9006863, AND KNOWN AS THE FARSWISS ASSET MANAGEMENT LTD. ACCOUNT, HELD IN THE NAME OF OR FOR THE BENEFIT OF RUY ULHOA CINTRA ARAUJO; | ) ) ) ) ) ) ) ) ) | 1:08-MC-00261(RMC) |
| $84,260.01 (AND ACCRUED INTEREST) FORMERLY CONTAINED IN ACCOUNT NUMBER 9004008, AND KNOWN AS THE HARBORSIDE CORPORATION ACCOUNT, HELD IN THE NAME OF OR FOR THE BENEFIT OF JOAO CARLOS DA CUNHA AND RONALDO SPEISS FERNANDES CORTEZ; | ) ) ) ) ) ) ) ) ) | |
| $285,945.16 (AND ACCRUED INTEREST) FORMERLY CONTAINED IN ACCOUNT NUMBER 9009570, AND KNOWN AS THE SAFEPORT INVESTMENT CORPORATION ACCOUNT, HELD IN THE NAME OF OR FOR THE BENEFIT OF JOAO CARLOS DA CUNHA AND RONALDO SPEISS FERNANDES CORTEZ; | ) ) ) ) ) ) ) ) ) ) ) | |
| $237,829.82 (AND ACCRUED INTEREST) FORMERLY CONTAINED IN ACCOUNT | ) ) | |

| | |
|---|---|
| NUMBER 9004681, AND KNOWN AS THE | ) |
| TIGRUS CORPORATION ACCOUNT, | ) |
| HELD IN THE NAME OF OR FOR THE | ) |
| BENEFIT OF POMPEU COSTA LIMA | ) |
| PINHEIRO MAIA; | ) |
| | ) |
| $86,401.27 (AND ACCRUED INTEREST) | ) |
| FORMERLY CONTAINED IN ACCOUNT | ) |
| NUMBER 9200172, AND KNOWN AS THE | ) |
| POMPEU MAIA ACCOUNT, | ) |
| HELD IN THE NAME OF OR FOR THE | ) |
| BENEFIT OF POMPEU COSTA LIMA | ) |
| PINHEIRO MAIA; | ) |
| | ) |
| $2,675,387.73 (AND ACCRUED INTEREST) | ) |
| FORMERLY CONTAINED IN ACCOUNT | ) |
| NUMBER 9008295, AND KNOWN AS THE | ) |
| GATEX CORPORATION ACCOUNT, | ) |
| HELD IN THE NAME OF OR FOR THE | ) |
| BENEFIT OF ANTONIO PIRES DE | ) |
| ALMEIDA; | ) |
| | ) |
| $1,698,878.23 (AND ACCRUED INTEREST) | ) |
| FORMERLY CONTAINED IN ACCOUNT | ) |
| NUMBER 9006556, AND KNOWN AS THE | ) |
| HARBER CORPORATION ACCOUNT, | ) |
| HELD IN THE NAME OF OR FOR THE | ) |
| BENEFIT OF ANTONIO PIRES DE | ) |
| ALMEIDA; | ) |
| | ) |
| $800,968.88 (AND ACCRUED INTEREST) | ) |
| FORMERLY CONTAINED IN ACCOUNT | ) |
| NUMBER 9007663, AND KNOWN AS THE | ) |
| MABON CORPORATION ACCOUNT, | ) |
| HELD IN THE NAME OF OR FOR THE | ) |
| BENEFIT OF ELCIO AREIAS AND | ) |
| ANTONIO CARNEIRO; | ) |
| | ) |
| $1,624,717.06 (AND ACCRUED INTEREST) | ) |
| FORMERLY CONTAINED IN ACCOUNT | ) |
| NUMBER 9010133, AND KNOWN AS THE | ) |
| MIDLAND FINANCIAL, INC. ACCOUNT, | ) |
| HELD IN THE NAME OF OR FOR THE | ) |
| BENEFIT OF HENRIQUE LAMBERTI | ) |
| AND MARIANEL GANDOLFO; | ) |

**February 11, 2021 STATUS REPORT**

The United States of America, through its undersigned attorneys, respectfully submits the following status report in response to this Court's order issued on July 30, 2020.

**I. BACKGROUND**

As further explained below, this case is based on the United States' applications for enforcement of certain foreign restraining and forfeiture orders under 28 U.S.C. § 2467 which provides for the enforcement of foreign court's restraining orders and forfeiture orders under certain conditions. The statute was amended after the first applications[1] and orders enforcing the restraining orders were entered to expressly provide for enforcement of restraining orders. 28 U.S.C. § 2467(d)(3)(B)(ii). Following the amendment, the United States reapplied to this Court to enter certain retraining orders under the revised statute.

---

[1] The first application was filed on February 12, 2008 pursuant to a formal Treaty request by Brazil to the United States. *Treaty between the United States and Brazil on Mutual Legal Assistance in Criminal Matters* ("MLAT"), signed by the United States and Brazil on October 14, 1997, and ratified by the United States on September 28, 1998, S. Treaty Doc. No. 105-42. The 2008 request sought the enforcement of ten (10) restraining orders, issued by the 2nd and 4th Federal Criminal Courts of Paraná, Brazil, to restrain U.S.-based funds totaling approximately $12 million, which were seized from 13 bank accounts held at the Valley National Bank (formerly Merchants Bank) in New York City in June 2002. This Court issued the requested restraining order on April 29, 2008, against the funds formerly held in the 13 accounts (Doc. No. 2). The United States provided formal notice of the April 29, 2008 restraining order to interested natural persons located or residing in Brazil by invoking legal assistance pursuant to the MLAT via the Brazilian Central Authority, and the United States also provided formal notice to offshore "shell" corporate entities directly to the Caribbean registered agents. Proof of notice confirming that notice was made was filed with this Court along with the U.S.' quarterly status reports. *See United States Status Reports*, Docket Nos 5, 13, 25, 31, 32.

On February 23, 2011, the United States, acting upon a Mutual Legal Assistance Treaty request from the Federative Republic of Brazil and pursuant to the amended version of 28 U.S.C. § 2467(d)(3), filed a new application to enforce and register the certified Brazilian restraining orders against eleven bank accounts. (Doc. No. 59). The 2008 and 2011 MLAT requests arose from a Brazilian investigation into, and prosecutions of, numerous Brazilian defendants including Brazilian citizens and companies known as "doleiros" (or "dollar dealers"), that are named in the MLAT requests. The Brazilian investigators discovered that some of the Brazilian targets were "doleiros" who had established accounts at Merchants Bank and were receiving funds from known drug organizations operating in South and North America. The Brazilian doleiros accepted funds from their cash customers in Brazil and transmitted those funds to Maria Carolina Nolasco (hereinafter "Nolasco"), an assistant vice-president at the Madison Avenue branch of Merchants Bank. The Brazilian doleiros would then periodically request that Nolasco release the funds to other accounts at their clients direction. Nolasco shifted credits from account to account in order to maintain sufficient balances to cover the requested transactions for each of the doleiros. These transactions were designed to create the appearance of legitimate international commercial activity with entities in the United States. However, none of the companies holding the Merchants Bank accounts which were created in offshore jurisdictions such as the British Virgin Islands or the Cayman Islands had any legitimate commercial activities. Nolasco pleaded guilty on October 4, 2004, in U.S. District Court for the District of New Jersey to charges of operating an unlicensed money remitter business in the United States, in violation of 18 U.S.C. § 1960, and to several counts of tax evasion. *United States v.*

*Maria Carolina Nolasco*, Crim. No. 04-617 (D.N.J.). In her Plea Agreement, Nolasco admitted that all of the Merchants Bank accounts referenced above were involved in an offense in violation of 18 U.S.C. § 1960, or are traceable to such property, and therefore subject to forfeiture.

On June 3, 2011, two groups of intervenors, consisting of Chettiar Business, Harborside Corp., Midland Financial Inc., and Safeport Corp.'s (collectively the "Chettiar Intervenors") and Avion Resources Ltd., Tigrus Corporation, Pompeu Costa Maia and Isabel Crisina Maia (collectively the "Avion Intervenors") opposed the U.S.' Application (Doc. No. 67, 70). A third intervenor Farswiss Asset Management, Ltd, filed its opposition to the U.S.' Application on July 28, 2011. The United States replied to each intervenor's opposition respectively (Doc. No. 80, 81, 83).

On November 9, 2012, this Court issued a Memorandum and Opinion (Doc. No. 85) granting the United States' renewed application to register and enforce restraining orders issued by courts of Brazil. This Court issued an accompanying Superseding Restraining Order (Doc. No. 86) which continued the restraint in the April 29, 2008 Restraining Order (Doc. No. 2). This Court also issued an Order (Doc. No. 87) setting forth a briefing schedule concerning a post restraint hearing which was subsequently extended by Minute Order dated December 10, 2012. This Court concurrently issued a Minute Order requiring Isabel Cristina Maia to show cause whether she should be dismissed as an intervenor. On January 24, 2013, Chettiar Intervenors, with consent from the United States and joined by the other two intervenors, filed an assented-to motion in which all intervenors requested withdrawal of their requests for a post restraint hearing without prejudice and Isabel Cristina Maia agreed to withdraw as an intervenor in this

action. (Doc. No. 94). On January 25, 2013, this Court granted the motion, and ordered the withdrawal of requests for post restraint hearing and dismissed Isabel Cristina Maia as an intervenor (Doc. No. 95).

On November 19, 2013, Intervenor Avion Resources Ltd. filed a motion, with the United States' consent, to amend the superseding restraining order as to the Avion account because the Brazilian appellate court affirmed the judgement of acquittal of the two signatories for the Avion account, Gustavo Zerfan Haber and Michel Homci Haber. (Doc. No. 100). On November 20, 2013, this Court amended the November 9, 2012 superseding restraining order lifting the restraint on the funds contained in the Avion account. (Doc. No. 101). On December 27, 2013, this Court, upon Intervenor Avion's motion, with the United States' consent, issued a supplemental order authorizing the disbursement of the funds contained in the Avion account in two installments. (Doc. No. 104). Since then, no activities have occurred except for the filing of the status reports apprising this Court of the developments of the Brazilian criminal proceedings.

## II.  CURRENT STATUS

### A.  Status of Brazilian Prosecutions

As of February 11, 2021, Brazil has advised that the cases are on-going, mostly in the appeals process. Below is a summary of the status for each Brazilian defendant/signatory of each bank account restrained by this Court's restraining order.

#### 1.  Chettiar Business Account Number 45200483

As stated in the prior status report, Signatories for the Chettiar Business Account, Fernando Janine Ribeiro and Joacyr Reinaldo were convicted and the account in the name of the Chettiar Business has been forfeited in the Brazilian trial court on September 12, 2009. On March 24, 2010, the two defendants appealed their conviction and the

forfeiture judgment issued by the trial court to the Federal Circuit Court in the 4th Region (the "Appellate Court"). The Appellate Court affirmed both convictions as to the two defendants as well as the forfeiture judgement that included the Chettiar Business Account current restrained pursuant to this Court's restraining order. On September 16, 2011, the two defendants further appealed the Appellate Court's decision to the Superior Court of Justice and the Federal Supreme Court, which are considered to be the last stage of their appeal. On April 5, 2017, the Superior Court of Justice dismissed the appeal, with the decision published on May 3, 2017. The appeal pending with the Federal Supreme Court was also denied on October 26, 2017. On November 17, 2017, the defendants filed a motion to amend the judgment, which was denied on November 18, 2017. The Federal Supreme Court's opinion was published on February 15, 2018 and the parties were duly notified of the decision. On May 5, 2018, the Federal Supreme Court remanded case to the lower court to enforce the criminal sentence. As stated in the last report, the Federal Prosecution Service, on October 23, 2018 applied to the lower court, the 12th Federal Court of Curitiba-PR, for an order seeking international cooperation for the enforcement of the final forfeiture order against the Chettiar Business Account in the United States. The court, on April 30, 2019, granted the Prosecution's application. On January 14, 2020, a treaty request to the United States to forfeit the funds contained in the Chettiar Business Account was sent to the Department of Justice Criminal Division's Office of International Affairs. In March 2020, the United States requested additional documents in support of the treaty request, and the Government of Brazil responded with the requested documents on July 13, 2020. The United States is presently working on

proper paperwork in executing the treaty request concerning the Chettiar Business Account.

### 2. Mabon Corporation Account Number 9007663

Signatories for the Mabon Corporation Account, Elicio Areias and Antonio Carniero were indicted previously by the Court of Curitiba. As stated in the prior status report, the criminal case has been transferred to the 3rd Criminal Court in Rio de Janeiro (the "Trial Court") which, on January 24, 2014, decided that its venue was not proper for the prosecution of the case and further ordered the case to be sent back to the Court in Curitiba. The two defendants appealed this decision to the Superior Court of Appeals on the venue issue, that according to Brazilian law, the venue needs to be decided by the Superior Court of Appeals. On January 12, 2015, the Superior Court of Appeals ruled that the Trial Court in Rio de Janeiro is the proper venue and ordered the criminal case reinstated.

On March 31, 2016, the two defendants filed a *habeas corpus* petition with the Federal Circuit Court in the 2nd Region against a decision issued by the Trial Court. On June 28, 2016, after the Federal Circuit Court in the 2nd Region's partial adjudication on an issue of the *habeas corpus* petition, the criminal case against the two defendants was resumed. On November 7, 2016, the Trial Court stayed the criminal case until the higher court rules on the *habeas corpus* action. On June 24, 2017, the Trial court issued an order requesting parties to submit closing arguments within a permissible period of time. On March 13, 2018, Elicio Areias and Antonio Carniero were convicted of unauthorized management of financial institutions in violation of Article 16 of Law No. 7492/86. The Trial Court ordered the confiscation/forfeiture of the Mabon account in the United States

as the proceeds of the crime. On May 16, 2018, both the defense and the Federal Prosecution appealed to the Court of Appeals. On August 27, 2018, the appeals were sent to the Regional Federal Appellate Court of the 2nd Region and the defense presented the grounds for appeal. As stated in the prior status report, on April 9, 2019, both the Federal Prosecution Service and the defense completed the appellate briefing. According to the February 11, 2021 Brazilian report, the appeal is pending at the Regional Federal Appellate Court of the 2nd Region.

### 3. Midland Financial Inc. Account Number 9010133

As previously reported, the 2nd Criminal Federal Court in Sao Paulo (the "Trial Court") rejected certain charges in the criminal complaint including tax evasion and fraudulent management of a financial institution against signatories for the Midland Financial Inc. Account, Henrique Lamberti Junior and Marianel Gandolfo Miranda. The Brazilian Federal Prosecution appealed this decision to the Federal Circuit Court in the 3rd Region which affirmed the Trial Court's ruling on August 25, 2015. The remaining charges against the two defendants are still being prosecuted.

On May 3, 2016, July 18, 2017 and September 13, 2017 hearings were held on the prosecution's witnesses. A hearing on the defense's witness was held on April 10, 2018. As stated in the last status report, the trial took place on March 19, 2019. The August 3, 2020 and the February 11, 2021 Brazilian reports are a bit confusing. The last Brazilian report advised that on June 9, 2020, the case was remanded. However, the report did not specify to which court or the reason the case was remanded. The United States sought clarification on the August 3, 2020 Brazilian report via a MLAT channel, however, to date the United States has not received a response. The February 11, 2021 Brazilian status report advised that on January 12, 2021, an order was issued notifying all the

parties that documents in hard copy have been scanned and stored electronically and indicated that a date for the trial will be designated. The United States received the February 11, 2020 Brazilian status report the afternoon on the day this status report was due. The United States will seek clarification again with the Brazilian prosecutor via the two countries' central authority. The United States will include more detailed information regarding the Midland Financial account, if received, in the next status report.

    4. **Farswiss Asset Management Account Number 9006863**

On October 29, 2010, the signatory for the Farwiss Asset Management Account, Ruy Ulhoa Cintra Araujo was convicted of fraudulent management of a financial institution by the Brazilian trial court. The court ordered the continued restraint/seizure of the defendant assets in the order of conviction. The defendant appealed his conviction to the Federal Circuit Court in the 4th Region (the "Appellate Court"). On March 12, 2013, the Appellate court convicted the defendant of an offense described as illegal remittance while it acquitted him of other charges. On May 22, 2013, the defendant appealed the Appellate Court conviction to the Superior Court of Appeals as well as to the Federal Supreme Court. Due to a health condition of one of the defendants, the criminal proceeding related to the Farswiss Asset Management Account was adjourned for a few months. On November 28, 2018, Ruy Ulhoa Cintra Araujo contested a decision made in a Special Appeal by filing a motion for clarification. Per the February 11, 2021 Brazilian status report, the motion for clarification is still pending.

    5. **Gatex Corp Account Number 9008295 and Harber Account Number 9006556**

As previously reported, the signatory for the Gatex Corp. and Harber Accounts, Antonio Pires De Almeida ("Pires"), was convicted on February 17, 2012, of fraudulent management of a financial institution, and a forfeiture judgement based on his conviction was issued by the Brazilian trial court that ordered forfeiture of the funds contained in the Gatex Corp. and Harber Accounts.  The defendant Pires died before the forfeiture judgement became final and non-appealable.  Pires' co-defendant Roseli Ciolfi (Ciolfi) and Regina Ruriko Inoue (Inoue) were convicted of performing unauthorized exchange operations with the objective of remitting currency illegally and of gang formation by the Brazilian trial court.  The Federal Prosecution service appealed the trial court's opinion to the Brazilian Appellate Court.  On September 23, 2013, the Brazilian Appellate Court convicted the two defendants for fraudulent management of a financial institution.  Several appeals by the two defendants on a range of issues to the Superior Court of Justice and the Supreme Court followed in 2014.

On September 15, 2015, the Superior court of Justice partially ruled in the defendants' appeal to lessen the defendant's sentence and on October 16, 2015, the defendant appealed this decision to the Supreme Court.  Defendants Ciolfi and Inoue filed a request of "extraordinary appeal examination" to the Supreme Court of Brazil on March 22, 2016.  On March 16, 2018, the government of Brazil advised the United States that the Brazilian appeals were resolved, such that the related forfeiture order is now final.  However, it appears it is not final for purposes of execution of the order.  On August 17, 2018, the trial court issued arrest warrants against defendant Ciolfi and Inoue.  On April 5, 2019, the case was remanded back to the trial court to enforce the criminal sentence.  As stated in the last report, on April 24, 2019, an arrest warrant was issued

against Ciolfi, with the execution of the criminal sentence starting on April 26, 2019. The February 11, 2021 Brazilian report advised the current case posture is pending the sentencing execution and repatriation procedure.

### 6. Harborside Corp. Account Number 9004008 and Safeport Investment Corp. Account Number 90095570

On January 21, 2009, the signatory for the Harborside Corp. and Safeport Investment Corp. Account, Joao Carlos Da Cunha, was convicted by the 2nd Criminal Federal Court in Curitiba (the "Trial Court") and ordered the two above-reference accounts to be forfeited to the government of Brazil. The trial court's decision on conviction and forfeiture was affirmed by the Brazilian appellate court. Joao Carlos Da Cunha filed an appeal to the Federal Regional Court of the 3rd Region on July 6, 2016.

According to the Brazilian authorities, defendant Joao Carlos Da Cunha, on March 18, 2019, was convicted of illegal transfer of funds overseas in violation of Article 22 of Law No. 7.492/1986, by the Federal Regional Court of the 3rd Region, and the court ordered the forfeiture of the Harborside Corp. Account and Safeport Investment Corp. Account. On July 10, 2019, the defendant filed a Special Appeal with the Superior Court of Justice and an Extraordinary Appeal with the Federal Supreme Court, both of which, were denied on August 30, 2019. On September 17, 2019, the defendant filed an interlocutory appeal to the denial with the Superior Court of Justice, which was denied, with the decision published on December 5, 2019. A motion for clarification on the decision filed by the defendant was rejected by the Superior Court of Justice on February 3, 2020. As stated in the last status report, the defendant filed an interlocutory appeal to the February 3, 2020 decision, which was unanimously rejected by the 6th Penal of the Superior Court of Justice. The defendant filed a new motion for clarification of the

decision made by the Superior Court of Justice, which was rejected on June 29, 2020. An extraordinary appeal with the Federal Supreme Court of Justice followed thereafter. The February 11, 2021 Brazilian status report advised that the extraordinary appeal was rejected on August 17, 2020. Defendant Joao Carlos Da Cunha filed an interlocutory appeal from that order. On October 13, 2020, the Superior Court of Justice unanimously denied the interlocutory appeal. The February 11, 2021 Brazilian report further advised that defendant Joao Carlos Da Cunha appealed the October 13, 2020 decision by a new interlocutory appeal, which was deemed inadmissible by a special court on February 9, 2021. We have asked Brazilian authorities to advise us when we will be able to receive an order to enforce regarding these funds over which the litigation appears to be concluded.

7. **Pompeu Maia Account Number 9200172 and Tigrus Corporation Account Number 9004681**

The signatory for the Pompeu Maia and Tigrus Corporation accounts, Pompeu Costa Lima Pinheiro Maia, was convicted by the trial court and the funds in these two accounts were forfeited to the government of Brazil in 2009. The defendant appealed his conviction to the appellate court on May 12, 2012, which affirmed the trial court's conviction. On March 4, 2013, the defendant further appealed to the Superior Court of Justice, the highest level of appellate court.

On December 19, 2016, the Superior Court of Appeals rejected Pompeu Costa Lima Pinheiro Maia's appeal. On February 23, 2018, an Extraordinary Appeal was filed with the Federal Supreme Court, which was denied on May 16, 2018. On May 29, 2018, the defendant filed an interlocutory appeal to the May 16, 2018 decision, and on June 29, 2018, the 2nd Panel of the Federal Supreme Court unanimously denied the appeal. On

13

August 20, 2018, the case was ordered to be remanded back to the trial court to enforce the criminal sentence. The trial court then ordered the continuation of the execution of the defendant's sentencing. As stated in the last status report, the Brazilian authorities reconfirmed that a final and non-appealable forfeiture judgment against the Pompeu Maia and the Tigrus accounts has been rendered. The February 11, 2021 Brazilian status report advised that on September 16, 2020, the 13th Federal Court of Curitiba approved the repatriation of the assets restrained in the Pompeu Maia and the Tigrus accounts. We await a final forfeiture order from the Brazilian court that we can enforce against these funds.

### Status of U.S. Litigation

No litigation activity occurred in the United States after December 27, 2013 when this Court entered the supplemental order amending the Superseding restraining order (Doc. No. 104).

### III. Conclusion

The United States will continue to coordinate with our Brazilian counterparts to provide status reports to this Court as requested and to seek enforcement of the foreign courts' orders as appropriate in this matter.

Dated: February 11, 2021

                                        Respectfully submitted,

                                        Deborah Connor, CHIEF
                                        MONEY LAUNDERING AND
                                            ASSET RECOVERY SECTION

                                        _____/s/Jennifer Wallis_____

JENNIFER W. WALLIS
Trial Attorney
U.S. Department of Justice
Asset Forfeiture and Money Laundering Section
1400 New York Avenue, N.W.,
Washington, D.C.  20530
Telephone: (202) 514-1263
Fax: (202) 514-5522

Attorneys for Applicant
UNITED STATES OF AMERICA